# 24-1149-cv

## United States Court of Appeals

*for the*

## Second Circuit

MIKHAIL MEEROVICH,

*Plaintiff-Appellant,*

— v. —

BIG APPLE INSTITUTE, INC., BRONISLAV LEYDIKER,

*Defendants-Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

## BRIEF FOR DEFENDANTS-APPELLEES

GEORGE SITARAS
SITARAS & ASSOCIATES, PLLC
*Attorneys for Defendants-Appellees*
200 Liberty Street, 27th Floor
New York, New York 10281
(212) 430-6410

CP COUNSEL PRESS    (800) 4-APPEAL • (334146)

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

| | |
|---|---|
| **MIKHAIL MEEROVICH,** | **Case No.: 24-1149** |
| *Plaintiff-Appellant,* | **FRAP 26.1** <br> **STATEMENT** |
| *v.* | |
| **BIG APPLE INSTITUTE, INC., BRONISLAV LEYDIKER,** | |
| *Defendants-Appellees.* | |

PURSUANT TO RULE 26.1 OF THE FEDERAL RULES OF APPELLATE PROCEDURE THE UNDERSIGNED COUNSEL OF RECORD FOR DEFENDANT-APPELLEE **BIG APPLE INSTITUTE, INC.** (A PRIVATE NON-GOVERNMENTAL PARTY) CERTIFIES THAT THE FOLLOWING ARE CORPORATE PARENTS, SUBSIDIARIES, OR PUBLICLY HELD CORPORATIONS THAT OWN MORE THAN 10% OF **BIG APPLE INSTITUTE, INC.'**S STOCK:

NONE.

1

Dated: New York, New York
      November 7, 2024

**SITARAS & ASSOCIATES, PLLC**

*Attorneys for Appellees*

By:   <u>*/s/ George Sitaras*</u>

George Sitaras, Esq.
200 Liberty Street 27th Floor
New York, New York 10281
Tel: (212) 430-6410

# <u>TABLE OF CONTENTS</u>

**Page**

TABLE OF AUTHORITIES ........................................................ ii

STATEMENT OF ISSUES ........................................................ 1

STATEMENT OF CASE ........................................................ 1

SUMMARY OF APPELLEES' ARGUMENT ................................ 5

STANDARD OF REVIEW ...................................................... 6

ARGUMENT ........................................................................ 7

    POINT I

    APPELLANT'S ARGUMENT THAT THE AGREEMENT
    EXPIRED MUST BE REJECTED BECAUSE IT WAS NOT
    MADE BEFORE THE DISTRICT COURT, AND IN ANY CASE,
    IS NOT SUPPORTED BY THE LAW OR THE FACTS ............................. 7

    POINT II

    THE DISTRICT COURT PROPERLY EXERCISED ITS
    DISCRETION BY WEIGHING LEYDIKER'S DETAILED
    DECLARATION, WHICH WAS CORROBORATED BY THE
    AGREEMENT, AGAINST THE SELF-SERVING, "BALD
    ASSERTIONS" IN THE APPELLANT'S DECLARATION IN
    WHICH HE ADMITTED TO WILLINGLY ENTERING INTO
    THE AGREEMENT ................................................................ 10

    POINT III

    APPELLANT'S ARGUMENT THAT THE AGREEMENT WAS
    THE RESULT OF OVERREACHING MUST BE REJECTED
    BECAUSE IT IS UNSUPPORTED BY THE RECORD ............................. 16

CONCLUSION ...................................................................... 20

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases:**

*Aenergy, S.A. v. Republic of Angola*,
   31 F.4th 119 (2d Cir. 2022)...............................................................6, 10, 11, 18

*Arthur Philip Export Corp. v. Leathertone, Inc.*,
   275 A.D. 102, 87 N.Y.S.2d 665 (1st Dep't 1949) .................................13

*Bennett v. Sterling Planet, Inc.*,
   No. 09-CV-1176 (GLS/DRH), 2010 WL 11566003 (N.D.N.Y. Mar. 22,
   2010) ......................................................................................................19

*Dodge St., LLC v. Livecchi*,
   32 F. App'x 607 (2d Cir 2002) ..............................................................8

*Ellison v. Chartis Claims, Inc.*,
   178 A.D.3d 665 (2d Dept 2019) ...........................................................17

*Farricker v. Penson Dev., Inc.*,
   2009 U.S. Dist. LEXIS 27484 (S.D.N.Y. Mar. 31, 2009) .....................8

*Fisher Scientific Co. L.L.C. v. Ortho-Clinical Diagnostics, Inc.*,
   2019 U.S. Dist. LEXIS 54316 (S.D.N.Y. Mar. 29, 2019, No. 1:18-cv-
   3088 (ALC)) ..........................................................................................8

*Fisher v. Aetna Life Ins. Co.*,
   32 F.4th 124 (2d Cir. 2022)...................................................................13

*Gildor v. United States Postal Serv.*,
   179 F. App'x 756 (2d Cir. 2006)....................................................... 12-13

*Gorodensky v. Mitsubishi Pulp Sales, Inc.*,
   2000 U.S. App. LEXIS 31543 (2d Cir Dec. 8, 2000, No. 00-7508) .....8

*Jelcich v. Warner Bros.*,
   1996 U.S. Dist. LEXIS 5709 (S.D.N.Y. Apr. 29, 1996, 95 Civ. 10016
   (LLS)) ....................................................................................................19

*Jelich v. Warner Bros.*,
   No. 95 CIV. 10016 (LLS), 1996 WL 209973 (S.D.N.Y. Apr. 30, 1996)..............19

*KDH Consulting Grp. LLC v. Iterative Capital Mgmt. L.P.*,
   2020 U.S. Dist. LEXIS 251221 (S.D.N.Y. June 27, 2020) ...................14

*Kensington Intl., Ltd. v. Itoua*,
   505 F.3d 147 (2d Cir 2007) ......................................................................5, 7

*Laspata DeCaro Studio Corp. v. Rimowa GmbH*,
   No. 16 CIV. 934 (LGS), 2017 WL 1906863 (S.D.N.Y. May 8, 2017)................15

*Lexington Investment Co. v. Southwest Stainless, Inc.*,
   697 F. Supp. 139 (S.D.N.Y. 1988)................................................................19

*Manisha Singh v. Mem. Sloan Kettering Cancer Ctr.*,
   2024 U.S. App. LEXIS 27244 (2d Cir Oct. 28, 2024, No. 23-63-cv)............... 7-8

*Mason v. AmTrust Fin. Servs.*,
   2020 U.S. Dist. LEXIS 201991 (S.D.N.Y. Oct. 29, 2020) ...................................17

*Moss v. First Premier Bank*,
   835 F.3d 260 (2d Cir. 2016)................................................................14

*Murphy v. Schneider Nat'l, Inc.*,
   362 F.3d 1133 (9th Cir. 2003)................................................................14

*New Moon Shipping Co., Ltd. v. MAN B & W Diesel AG*,
   121 F.3d 24 (2d Cir. 1997)................................................................15

*PaineWebber Inc. v. Bybyk*,
   81 F.3d 1193 (2d Cir. 1996)................................................................13

*Palomo v. Demaio*,
   403 F. Supp. 3d 42 (N.D.N.Y. 2019) ........................................................8

*Rabinowitz v. Kelman*,
   75 F.4th 73 (2d Cir. 2023)................................................................7

*S.K.I. Beer Corp. v. Baltika Brewery*,
   612 F.3d 705 (2d Cir 2010) ........................................................ 16-17

*Schnabel v. Trilegiant Corp.*,
   697 F.3d 110 (2d Cir. 2012)................................................................12

*Starke v. SquareTrade, Inc.*,
   913 F.3d 279 (2d Cir. 2019)........................................................ 12, 13

*Success Sys., Inc. v. CRS, Inc.*,
   No. 3:21-CV-1391 (SVN), 2023 WL 2742344 (D. Conn. Mar. 31, 2023) ..........15

*Thibodeau v. Pinnacle FX, Ins.*,
   2008 WL 4849957 (E.D.N.Y. Nov. 6, 2008) ..........................................14

iii

*Williams v. Parkell Prods.*,
   91 F. App'x 707 (2d Cir 2003) ...................................................................20

**Statutes & Other Authorities:**

22 N.Y. Jur. 2d Contracts § 29 ...................................................................12

Rule 12(b)(3) ...................................................................2

## STATEMENT OF ISSUES

1.     Whether the district court properly exercised its discretion in granting Appellee's motion to dismiss based on improper venue and *forum non conveniens* where it was undisputed that the Appellant and Appellee entered into a written employment contract that designated the Supreme Court of the State of New York, Kings County, as the "exclusive jurisdiction and venue for any disputes, controversies or claims arising out of the employment relationship between the parties and this Agreement, and waives all defenses based on forum non-conveniens."

**Short Answer:** <u>Yes</u>, the district court properly exercised its discretion because Appellant does not dispute entering into the employment agreement, and the Appellant's conclusory allegations were insufficient to establish that the employment agreement expired—an argument that the Appellant improperly makes for the first time on appeal—nor was the employment agreement unconscionable or the product of overreaching, and as such, the district court correctly dismissed the complaint based on improper venue.

## STATEMENT OF CASE

On December 15, 2022, Appellant commenced this "wage and hour" action in the United States District Court for the Eastern District of New York, asserting

1

claims for unpaid overtime wages and related relief. (A26-A46). Appellees appeared by counsel on March 28, 2023. (A3).

On May 12, 2023, Appellees moved to dismiss the Complaint pursuant to Rule 12(b)(3) based on a forum selection and jurisdiction clause in Paragraph 19 of the employment contract between the Appellant and the Appellee. (A3, A6-A46). Appellees' motion was supported by the declaration of Bronislav Leydiker ("Leydiker"), who averred that, as a manager of Big Apple, he presented Appellant with the written employment agreement (the "Agreement") in December 2018 in conjunction with an offer of a "regular full-time position." (A9 ¶¶ 7-8).

Leydiker declared that he personally met with Appellant to explain that he was required to sign the Agreement if he accepted the position, and discussed this with Appellant in both English and Russian, the Appellant's native language.  (A9 ¶ 9). Leydiker avers that he informed the Appellant that he could take the Agreement home to review, and to return it signed after the holiday season. (A9 ¶ 9). Leydiker confirmed that Appellant took the Agreement with him and returned it signed "after the holiday recess." (A9 ¶ 10).

The Agreement provides that "[Big Apple] hereby employs the [Appellant] as its cook-assistants [*sic*], and the [Appellant] hereby agrees to serve in such capacity, for the period beginning [January] 1, 2019 ('Start Date'), and ending one (1) year

thereafter ('End Date'), and subject to paragraphs6 [*sic*] and 7 herein ('Employment Period')." (A14 ¶ 1).

Paragraph 7 of the Agreement provides that "[e]ach year, [Big Apple] shall have the right, in its sole discretion, to renew this Agreement for a renewal term of one year. In the event this Agreement is renewed, all of the terms, covenants, and conditions of this Agreement shall continue in gull [*sic*] force and effect." (A18 ¶ 7). Appellant was employed by Big Apple until December 16, 2020, when he was terminated for cause based on his disobedience and threatening behavior. (A10 ¶ 12).

Paragraph 18 of the Agreement provides, in pertinent part, that all disputes between the parties arising under the Agreement "and/or the [Appellant] Employee's _relationship with_ the [Appellee] Employer, be submitted first to mediation, as a condition precedent to binding arbitration, and that any action or proceeding that is brought in court shall be submitted to the Supreme Court of the State of New York, Kings County. (A10 ¶¶ 14-15, A20-A21 ¶¶ 18-19)(emphasis added).

Paragraph 19 of the Agreement provides:

> Applicable Law. This Agreement shall be construed in accordance with the laws of the State of New York without regard to the conflicts of laws principles thereof. **The parties agree that the Supreme Court of the State of New York, County of Kings, shall have exclusive jurisdiction over any suit, action or proceeding arising out of or relating to this Agreement. The Employee hereby agrees and consents to personal jurisdiction of the Courts of the State of New York, County of Kings, as the exclusive jurisdiction and venue for any disputes, controversies, or claims arising out of the**

3

**relationship between the parties and this Agreement, and waives all defenses based on forum non-conveniens.**

In Appellant's opposing declaration, he admitted that he signed the Agreement (A48 ¶¶ 15-16, A49 ¶ 19), but he claims he did so in a rushed manner and did not have time to review it. (A49 ¶ 19). Appellant did not "recall"—although he did not deny—having a meeting with Leydiker. (A48 ¶ 7). However, Appellant recalled another meeting with an employee of Appellee named Alla, who spent "approximately three (3) minutes" speaking with him about the Agreement in Russian, his native language, (A48 ¶ 12), and suggested that he may be terminated if he did not sign it (A49 ¶ 19).

On March 27, 2024, the district court issued a Memorandum & Order dismissing the complaint without prejudice to refiling in the Supreme Court of the State of New York, Kings County, and declined to reach the Appellees' motion to compel mediation and arbitration. (A51-A65). The district court interpreted the Appellees' motion as one for dismissal based on *forum non conveniens*. (A54-A55).

The district court found that Appellant's declaration consisted of bald assertions that Appellees engaged in high pressure tactics, and in contrast, Leydiker's declaration provided detailed facts contradicting Appellant's version of events, with Leydiker's declaration corroborated by the Agreement itself, the validity of which was not challenged by Appellant. (A55, A57-A59). Accordingly,

4

the district court found that an evidentiary hearing was unnecessary because the forum selection clause is valid and enforceable as a matter of law. (A55).

## SUMMARY OF APPELLEES' ARGUMENT

The district court's decision should be affirmed because, contrary to Appellant's arguments, improperly made for the first time on appeal, the Agreement did not expire, nor was it unconscionable or the product of overreaching.

At the outset, Appellant's argument that the Agreement had expired was waived because it was not raised before the district court. *Kensington Intl., Ltd. v. Itoua*, 505 F3d 147, 159 (2d Cir 2007) (holding that argument improperly raised for the first time on appeal had been waived). However, if the Court does consider this argument, which it should not, Appellees exercised their right to extend it under Paragraph 7, as Leydiker attested. (A9 ¶ 11; A18, ¶ 7).

Furthermore, the decision should be affirmed because the district court properly exercised its discretion in dismissing the action based on *forum non conveniens*, or by declining to hold an evidentiary hearing based on its finding that Leydiker's version of events was more detailed, and was corroborated by the Agreement itself. (A55, A57-A59).

Moreover, Appellant failed to meet his burden because he does not explain how the district court's decision was based on an incorrect application of the law or erroneous evaluation of evidence, or outside the range of possible decisions, as

5

required for reversal of a decision dismissing an action based on *forum non conveniens*.

Finally, the district court's decision should be affirmed because it found that the Agreement was not the result of overreaching, and that Appellant's contention that he did not understand it and had insufficient time to review it, was undercut not only by Appellant's admission that he understood English, but by the district court's finding that the Appellant filled in information in the Agreement *in English* in his own handwriting, Appellant did not request an explanation of the Agreement, and his contentions were contradicted by Leydiker's declaration, which offered detailed facts concerning the making of the Agreement, in stark contrast to the Appellant's conclusory, self-serving statements. (A57-A59). Accordingly, the district court properly exercised its discretion.

## STANDARD OF REVIEW

"[F]orum non conveniens dismissal 'lies wholly within the broad discretion of the [D]istrict [C]ourt and may be overturned only when we believe that discretion has been clearly abused.' A district court has 'abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions.'" *Aenergy, S.A. v. Republic of Angola*, 31 F.4th 119, 128 (2d Cir. 2022). "[D]ismissal based on a forum-selection clause is nothing more than a

species in the broader genus of *forum non conveniens* matters." *Rabinowitz v. Kelman*, 75 F.4th 73, 81 (2d Cir. 2023) (holding that abuse of discretion standard of review of dismissal based on *forum non conveniens* applies to dismissal based on forum-selection clause).

At bar, the decision should be affirmed because the district court properly exercised its discretion by correctly applying the law and assessing the evidence before it, to reach a decision that was justified and well within the confines of reasonableness.

## ARGUMENT

## POINT I

## APPELLANT'S ARGUMENT THAT THE AGREEMENT EXPIRED MUST BE REJECTED BECAUSE IT WAS NOT MADE BEFORE THE DISTRICT COURT, AND IN ANY CASE, IS NOT SUPPORTED BY THE LAW OR THE FACTS

Appellant argues that the parties' Agreement expired because there was no automatic renewal clause and no writing "modifying" the Agreement. (Br. pp. 10-11). However, this argument fails for a variety of reasons, but most significantly, because it was raised improperly for the first time on appeal, and therefore, was waived. *See, Kensington Intl., Ltd. v. Itoua*, 505 F3d 147, 159 (2d Cir 2007) (holding that argument improperly raised for first time on appeal had been waived); *Manisha Singh v. Mem. Sloan Kettering Cancer Ctr.*, 2024 U.S. App. LEXIS 27244, at *5 (2d

7

Cir Oct. 28, 2024, No. 23-63-cv) (an argument is forfeited when an appellant fails "to present it to the district court for review in the first instance."); *see*, *Gorodensky v. Mitsubishi Pulp Sales, Inc.*, 2000 U.S. App. LEXIS 31543, at *2 (2d Cir Dec. 8, 2000, No. 00-7508) (declining to consider argument raised for the first time on appeal because there was no demonstration of "any manifest injustice").

Furthermore, even if this Court were to consider the merits of this argument— which it should not—it nevertheless fails on the law and the facts. Contrary to Appellant's argument, a written modification to the Agreement is not required to extend it, and Appellees, by continuing to hire Appellant on an annual basis through December 16, 2020, extended the term of the Agreement by conduct and performance. *Dodge St., LLC v. Livecchi*, 32 F App'x 607, 611 (2d Cir 2002) (holding that agreement was ratified by accepting payments made under it); *Fisher Scientific Co. L.L.C. v. Ortho-Clinical Diagnostics, Inc.*, 2019 US Dist LEXIS 54316, at *13 (SDNY Mar. 29, 2019, No. 1:18-cv-3088 (ALC)) (conduct demonstration agreement to extend completion date, despite contract clause preventing modification of agreement absent a writing signed by both parties ); *Palomo v. Demaio*, 403 F Supp 3d 42, 65 (NDNY 2019) ("Parties to a contract may demonstrate their mutual assent through conduct[.]").

Furthermore, the single case relied on by Appellant, *Farricker v. Penson Dev., Inc.*, 2009 U.S. Dist. LEXIS 27484 (S.D.N.Y. Mar. 31, 2009), is easily

distinguishable because in that case the extension clause required a written notice of renewal be given, whereas at bar, Paragraph 7 of the Agreement provides that "[e]ach year, [Big Apple] shall have the right, in its sole discretion, to renew this Agreement for a renewal term of one year. In the event this Agreement is renewed, all of the terms, covenants, and conditions of this Agreement shall continue in gull [*sic*] force and effect." (A18 ¶ 7). The Agreement does not require Big Apple to provide *written* notice of extension, and the fact that Big Apple extended Appellant's employment for subsequent school years was sufficient to establish ratification through performance and conduct. Indeed, Appellant does not dispute that the Appellee offered the Appellant continued employment after the initial term ended, and as such, the parties, through conduct and performance, agreed to the extension.

Accordingly, the Agreement was renewed at Appellees' discretion, as provided in Paragraph 7 (A18, ¶ 7), and set forth in Leydiker's detailed declaration, which the district court found more reliable than Appellant's bald, self-serving averments (A9 ¶ 11; A57, A59).

As to Appellant's contention that Leydiker admitted there was no writing extending the term of the Agreement, his declaration contains no such blanket statement. (Br. p. 11; A8-A11). Rather, Leydiker merely states, "[t]he term of the Agreement was extended pursuant to Section 7 of the Agreement" and that "Big Apple did not enter into any new, subsequent or other employment agreement or

9

arrangement with" Appellant, but it does not mean there was no other writing or document confirming the renewal or extension of the term of the Agreement. (A9 ¶ 11).

Accordingly, Appellant's argument that the Agreement expired has no merit, and as such, the district court properly exercised its discretion.

## POINT II

**THE DISTRICT COURT PROPERLY EXERCISED ITS DISCRETION BY WEIGHING LEYDIKER'S DETAILED DECLARATION, WHICH WAS CORROBORATED BY THE AGREEMENT, AGAINST THE SELF-SERVING, "BALD ASSERTIONS" IN THE APPELLANT'S DECLARATION IN WHICH HE ADMITTED TO WILLINGLY ENTERING INTO THE AGREEMENT**

Appellant's argument that the district court abused its discretion is completely unsupported and must be rejected. "A district court has 'abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions.'" *Aenergy, S.A. v. Republic of Angola*, 31 F.4th 119, 128 (2d Cir. 2022).

However, Appellant has wholly failed to identify how the district court's decision was based on an "'erroneous view of the law or on a clearly erroneous assessment of the evidence'" and was not within a range of possible decisions, as required for reversal of a decision dismissing an action based on *forum non*

10

*conveniens* as an abuse of discretion. *Aenergy, S.A. v. Republic of Angola*, 31 F.4th 119, 128 (2d Cir. 2022). On this basis alone, the district court's decision should be affirmed.

Instead, Appellant argues that "[b]ecause the court below analyzed the validity of the forum selection clause in a vacuum ... this Court should vacate the dismissal", because, Appellant contends, there was no meeting of the minds as to the Agreement. (Br. p. 12) However, this argument completely ignores the text and the reasoning in the district court's decision, which credited Leydiker's version of events over Appellant's bald, self-serving allegations. Leydiker offered a specific, detailed recitation of the events that occurred, including that he presented Appellant with a copy of the Agreement, and met with Appellant to discuss it in December of 2018— an event the Appellant did not recall, but did not dispute either. (A9 ¶ 9). Instead, Appellant claimed that he met with another person named "Alla" for approximately three minutes, and she allegedly suggested to him in Russian that he may be terminated if he did not sign the agreement, but this is not inconsistent with Leydiker's declaration, in which he averred that Appellant returned the signed agreement to Big Apple's office (perhaps to Alla) in January 2019 after the holiday recess (A9 ¶ 10, A48 ¶ 12).

Likewise, while Appellant claimed that his English was rudimentary, and Russian was his primary language, he did not dispute that the Appellee (at least

through Alla) communicated with him in Russian regarding the Agreement, and he did not refute or deny meeting and communicating with Leydiker in Russian, merely that he did not "recall" the meeting. (A48 ¶ 7). Furthermore, as the district court correctly observed, portions of the Agreement itself were handwritten by the Appellant in English, undercutting Appellant's "bald assertions ..." that he was not able to understand or review it. (A55, A57-A59).

As to Appellant's reliance on *Starke v. SquareTrade, Inc.*, 913 F.3d 279, 288-89 (2d Cir. 2019) to argue that there must be a meeting of minds and manifestation of mutual assent for a contract to be enforceable, that case is inapplicable to the facts at bar because, as the district court correctly found, Appellant reviewed and willingly entered into the Agreement. (A55, A57, A59). Furthermore, New York law is clear that there can be a meeting of minds, even when a party does not have actual notice of the terms, but is on "inquiry notice". The rule is well-established:

> Where an offeree does not have *actual* notice of certain contract terms, he is nevertheless bound by such terms if he is on *inquiry* notice of them and assents to them through conduct that a reasonable person would understand to constitute assent. *See Schnabel*, 697 F.3d at 120. In determining whether an offeree is on inquiry notice of contract terms, New York courts look to whether the term was obvious and whether it was called to the offeree's attention. *See* 22 N.Y. Jur. 2d Contracts § 29 ("[A] party should not be bound by clauses printed on the reverse side of a contract unless it is established that they were *properly called to his or her attention* and that he or she assented to them.") (emphasis added). This often turns on whether the contract terms were presented to the offeree in a clear and conspicuous way. *See, e.g., Gildor v. United States Postal Serv.*,

12

> 179 Fed. Appx. 756, 759-60 (2d Cir. 2006) (refusing to enforce contract provision incorporated on reverse side of postage label where the provision was "very small and difficult to read"); *Arthur Philip Export Corp. v. Leathertone, Inc.*, 275 A.D. 102, 87 N.Y.S.2d 665, 667 (1st Dep't 1949) (refusing to enforce contract terms that were inconspicuously placed in "small type and in parenthesis" on the back of a confirmation order).

*Starke v. Squaretrade, Inc*., 913 F3d 279, 289 (2d Cir 2019).

Here, Appellant was on inquiry notice because it is undisputed the Appellant received, reviewed and completed the blank spaces in his own handwriting, and willingly signed the Agreement containing the forum selection cause, which was even highlighted in bold font. *Fisher v. Aetna Life Ins. Co.*, 32 F.4th 124, 136 (2d Cir. 2022) (holding that there may be a meeting of the minds when a party does not have actual notice of terms). Lastly, *Starke* is further distinguishable because it dealt with *de novo* review of a motion to compel arbitration, as opposed to a review for abuse of discretion, which is applicable here.

Appellant's reliance on *PaineWebber Inc. v. Bybyk*, 81 F.3d 1193, 1201 (2d Cir. 1996), which related to a venue provision contained in a separate document that was incorporated by reference into the parties' agreement, is completely misplaced because the facts are bar are inapposite. The agreement in *PaineWebber Inc.* referred to a body of rules that was extrinsic to the agreement at issue, namely, the National Association of Securities Dealers, Inc., Code of Arbitration Procedure, whereas here, the forum selection clause is printed in bold font within the four corners of the

Agreement. (A21 ¶ 19). Accordingly, *PaineWebber Inc.* is inapplicable. Moreover, a court must look to the contract itself to discern the parties' intentions—precisely as the district court did in this case. *See*, *Moss v. First Premier Bank*, 835 F.3d 260, 264 (2d Cir. 2016) (holding that parties had agreed to arbitration before the National Arbitration Forum, and stating that "[t]o discern the parties' intentions, we look to the language of the agreement.")

Appellant goes on to argue that "issues of fact" as to the enforceability of the Agreement warrant an evidentiary hearing before enforcing the forum selection cause, as there was no "meeting of the minds". (Br. pp. 13-14). However, Appellant fails to offer any authority for the proposition that a motion to dismiss should be denied when there are disputed facts, and ignores that the decision of whether or not to hold an evidentiary hearing is within the discretion of the district court. *Thibodeau v. Pinnacle FX Ins.,* 2008 WL 4849957, at *4 (E.D.N.Y. Nov. 6, 2008) (citations omitted); *KDH Consulting Grp. LLC v. Iterative Capital Mgmt. L.P.*, 2020 U.S. Dist. LEXIS 251221, at *11 (S.D.N.Y. June 27, 2020) (*citing*, *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1139 (9th Cir. 2003)).

Here, the district court properly exercised its discretion and found an evidentiary hearing unnecessary on the basis that Appellant's allegations were not substantiated and were contradicted by Leydiker's declaration, which was corroborated by the Agreement itself. (A55).

Appellant cites *New Moon Shipping Co., Ltd. v. MAN B & W Diesel AG*, 121 F.3d 24, 29 (2d Cir. 1997) to argue that an evidentiary hearing is necessary, but that case is inapposite because the question there was whether the subject contracts actually included forum selection clauses, and an evidentiary hearing was ordered on that issue. Here, there is no dispute that the Agreement contains a forum selection clause.

Appellant's reliance on *Success Sys., Inc. v. CRS, Inc.*, No. 3:21-CV-1391 (SVN), 2023 WL 2742344, at *9 (D. Conn. Mar. 31, 2023) and *Laspata DeCaro Studio Corp. v. Rimowa GmbH*, No. 16 CIV. 934 (LGS), 2017 WL 1906863, at *3 (S.D.N.Y. May 8, 2017), for the proposition that "courts routinely turn first to the threshold issue of contract formation to determine whether an agreement is valid before making a finding as to whether a forum selection clause is enforceable", is equally misplaced as the facts are easily distinguishable. (Br. p. 14). In *Success Sys., Inc.*, the court found that the venue provision of an end user license agreement for software on malfunctioning cash registers did not apply because the terms were only "accepted" during a software development process for the purposes of installation in order to review and test the software. At bar, however, the forum selection clause was within the four corners of the Agreement.

Likewise, *Laspata DeCaro Studio Corp. v. Rimowa GmbH*, No. 16 CIV. 934 (LGS), 2017 WL 1906863, at *3 (S.D.N.Y. May 8, 2017) is inapplicable, as that

15

decision applied German law to determine whether a forum selection clause contained in general terms and conditions that were not expressly set forth in the parties' agreement were binding. Nevertheless, the district court found that the forum selection clause was part of the agreement, and dismissed the claims accordingly, as the district court properly did at bar.

Accordingly, there is no merit to Appellant's contention that the district court abused its discretion.

<u>**POINT III**</u>

**APPELLANT'S ARGUMENT THAT THE AGREEMENT WAS THE RESULT OF OVERREACHING MUST BE REJECTED BECAUSE IT IS <u>UNSUPPORTED BY THE RECORD</u>**

In determining a motion to dismiss based on a forum selection clause, courts look to four factors: (1) "whether the clause was reasonably communicated to the party resisting enforcement"; (2) whether the clause is " mandatory or permissive, i.e., ... whether the parties are *required* to bring any dispute to the designated forum or simply *permitted* to do so"; (3) "whether the claims and parties involved in the suit are subject to the forum selection clause"; and (4) whether the party resisting enforcement has made "a sufficiently strong showing that 'enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching.'" *S.K.I. Beer Corp. v. Baltika Brewery*, 612 F3d 705, 708 (2d Cir

2010) (citations omitted) (emphasis in original) (finding forum selection clause enforceable).

Appellant focuses on the fourth factor, arguing that the Agreement's forum selection clause is the result of overreaching, because "Big Apple ... misrepresented and/or omitted its key terms in explaining it, then directed [Appellant] to sign without giving him an opportunity to review it."  (Br. p. 15).

However, at bar there was no evidence of overreaching by Appellees.  First, as to Appellant's contention that Appellees "misrepresented and/or omitted" key terms, the district court properly found that Appellant did not request an explanation of the Agreement's terms, nor was he actually threatened or denied an explanation or opportunity to review it (A58), that he had the ability to read and understand the Agreement (A59), and that describing the Agreement as a "work agreement" was not a misrepresentation (A59).

Second, even if Appellees had threatened Appellant with termination, a requirement that an employee sign an agreement to avoid termination is not improper.  *Mason v. AmTrust Fin. Servs.*, 2020 US Dist LEXIS 201991, at *7 (SDNY Oct. 29, 2020) ("A company's requirement that an at-will employee execute an employment agreement to avoid termination does not constitute a wrongful threat.");  *Ellison v. Chartis Claims, Inc.*, 178 AD3d 665, 670 (2d Dept 2019) ("defendants

17

could properly condition [plaintiff's] continued employment on his execution of the promissory note and its timely payment").

Third, the district court rejected Appellant's "vague and conclusory" assertions that he lacked sufficient time to review the Agreement (A59), and instead found that Leydiker's declaration which stated that the Agreement was given to Appellant to review in December of 2018 and returned signed in January of 2019, after the holidays, which was supported by the fact that the Agreement was dated January 1, 2019. (A9 ¶¶ 9-10, A57).

Moreover, the district court found that the Agreement itself, which had portions filled in English by Appellant, undercuts his contention that the was not able to understand or review it, and that Appellant's contentions are contradicted by Leydiker's declaration, which gave a detailed account of the events leading up to the Agreement, and which the district court reasonably credited over the Appellant's self-serving statements. (A57-A59).

Appellant again fails to identify how the district court's decision was based on an "'erroneous view of the law or on a clearly erroneous assessment of the evidence'" and was not within a range of possible decisions, as required. *Aenergy, S.A. v. Republic of Angola*, 31 F.4th 119, 128 (2d Cir. 2022). Accordingly, the district court's decision should be affirmed.

Lastly, none of the cases cited by Appellant support its contention that the forum selection clause is unenforceable. Appellant's reliance on *Lexington Investment Co. v. Southwest Stainless, Inc.*, 697 F. Supp. 139, 143 (S.D.N.Y. 1988) and *Bennett v. Sterling Planet, Inc.*, No. 09-CV-1176 (GLS/DRH), 2010 WL 11566003, at *5 (N.D.N.Y. Mar. 22, 2010) to argue that forum selection clauses may be unenforceable if a party was the victim of fraud or overreaching, is misplaced because at bar, there is no evidence of overreaching. Appellant not only admitted that he spoke English, but that he met with Alla who spoke with him in his native language, Russian, and who explained that the Agreement related to his work, that he had to sign it to keep his job, which the Appellant did after having filled in the blank spaces in his own handwriting, in English. (A47 ¶ 6, A48 ¶ 12, A49 ¶ 21). Moreover, the courts in *Lexington* and *Bennett* both found the subject forum selection clauses enforceable.

Appellant cites to *Jelcich v. Warner Bros.*, 1996 US Dist LEXIS 5709 (SDNY Apr. 29, 1996, 95 Civ. 10016 (LLS)) (incorrectly cited as *Jelich v. Warner Bros.*, No. 95 CIV. 10016 (LLS), 1996 WL 209973, at *2 (S.D.N.Y. Apr. 30, 1996)) to argue that a forum selection clause may be unenforceable if an employee is coerced into signing it, but there is simply no evidence of coercion at bar, and Appellant's self-serving allegation that he did not have sufficient time to review the Agreement before signing it, is wholly insufficient to establish coercion. (A57-A59). Indeed, the

19

court's decision in *Jelcich* turned on a finding that plaintiff was instructed to sign the subject contract without modification, or would be denied salary increases for four years, coupled with the plaintiff proceeding *pro se*—facts and circumstances that are inapposite to those at bar.

Moreover, coercion requires an unlawful threat that causes a party to involuntarily accept contract terms, and that the aggrieved party was left without any alternatives, but the record is void of any such allegations by the Appellant. *See*, *Williams v. Parkell Prods.*, 91 F App'x 707, 709 (2d Cir 2003) (holding that conditioning employment on acceptance of agreement to arbitrate disputes was not coercive).

Accordingly, there is no merit to Appellant's coercion argument, and therefore, the district court properly exercised its discretion in enforcing the forum selection clause.

## CONCLUSION

For all of the foregoing reasons, the Appellant's appeal should be denied, and the decision of the district court should be affirmed.

Dated:      New York, New York
              November 7, 2024

                    Respectfully submitted,

                    **SITARAS & ASSOCIATES, PLLC**
                    *Attorneys for Appellees*

By:    */s/ George Sitaras*
         George Sitaras, Esq.
         200 Liberty Street 27th Floor
         New York, New York 10281
         Tel: (212) 430-6410

21

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 25(a)(6)

This brief has been scanned for viruses and no virus was detected.

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

This brief complies with the type-volume limitation of App. Rule 32(a)(7)(B). This brief contains 4720 words, excluding the parts of the brief exempted by App. Rule 32(a)(7)(B)(iii).

This brief complies with the typeface requirements of App. Rule 32(a)(5) and the type style requirements of App. Rule 32(a)(6).

This brief has been prepared in a proportionally spaced typeface using Word 14 point Times New Roman.

Respectfully submitted,

*/s/ George Sitaras*
Attorney


Dated:       New York, New York
             November 7, 2024

22

**CERTIFICATE OF SERVICE**

I hereby certify that on November 7, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Second Circuit by using the CM/ECF system. All participants in the case are registered CM/ECF users and will be served by the appellate CM/ECF system.

Respectfully submitted,

*/s/ George Sitaras*
Attorney

Dated:     New York, New York
           November 7, 2024