# 24-1149-CV

IN THE

## United States Court of Appeals

FOR THE SECOND CIRCUIT



MIKHAIL MEEROVICH,

*Plaintiff-Appellant,*

v.

BIG APPLE INSTITUTE, INC.,
BRONISLAV LEYDIKER,

*Defendants-Appellees.*

*On Appeal from the United States District Court
for the Eastern District of New York*

# REPLY BRIEF FOR PLAINTIFF-APPELLANT

Emanuel Kataev
SAGE LEGAL LLC
*Attorneys for Plaintiff-Appellant*
18211 Jamaica Avenue
Jamaica, New York 11423
(718) 412-2421
emanuel@sagelegal.nyc



(212) 719-0990
appeals@phpny.com

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................ ii

SUMMARY OF THE ARGUMENT ................................................................... 1

ARGUMENT .......................................................................................................... 2

    POINT I

    APPELLANT'S EXPIRATION ARGUMENT
    SHOULD BE CONSIDERED ................................................................ 2

    POINT II

    PLAINTIFF'S AGREEMENT EXPIRED AND
    IS UNENFORCABLE ............................................................................ 3

    POINT III

    DEFENDANTS' CREDIBILITY ARGUMENTS
    REQUIRE A HEARING ........................................................................ 4

    POINT IV

    THE FORUM SELECTION CLAUSE IS
    UNENFORCEABLE ............................................................................... 5

CONCLUSION ....................................................................................................... 6

CERTIFICATE OF COMPLIANCE ..................................................................... 7

i

## TABLE OF AUTHORITIES

Page(s)

**Cases**

Aurelius Capital Partners, LP v. Republic of Argentina,
   584 F.3d 120 (2d Cir. 2009)...................................................................................4

Bogle–Assegai v. Connecticut,
   470 F.3d 498 (2d Cir. 2006)...................................................................................2

CSX Transportation, Inc. v. Island Rail Terminal, Inc.,
   879 F.3d 462 (2d Cir. 2018)...................................................................................4

Dean v. Blumenthal,
   577 F.3d 60 (2d Cir. 2009)......................................................................................2

Magtoles v. United Staffing Registry, Inc.,
   665 F. Supp. 3d 326 (E.D.N.Y. 2023) ....................................................................5

Transmar Commodity Grp. Ltd. v. Cooperativa Agraria
   Indus. Naranjillo Ltda.,
   721 Fed. Appx. 88 (2d Cir. 2018) ..........................................................................4

## SUMMARY OF THE ARGUMENT

In their opposition to Plaintiff-Appellant Mikhail Meerovich's ("Meerovich" or "Appellant") appeal, Defendants assert all manner of hyper-technical legal arguments designed to deprive Plaintiff of a decision on the merits of this appeal. All of these arguments fail.

For example, Defendants submit that Appellant's argument concerning the expiration of the employment agreement is barred because it was not raised in the district court below. This argument is meritless, as the Second Circuit may exercise its discretion to entertain new arguments where necessary to avoid a manifest injustice or where the argument presents a question of law and there is no need for additional fact-finding. Because the employment agreement Defendants rely on indisputably provides for a one (1) year term which cannot be modified absent a signed writing by both parties pursuant to its provisions, this Court should consider Appellant's argument to prevent manifest injustice and because no further fact-finding is necessary on this black-and-white issue.

On the issue of whether the parties nonetheless ratified a renewal by their conduct, the terms of the employment agreement forbid such a finding based on the express proviso requiring a signed writing for any modification to take effect.

Defendants next argue that the district court below made credibility determinations on the papers and thus did not need to conduct a hearing.

But the existence of disputed issues of fact in this case is precisely why a hearing was necessary, and Defendants' demonstration of the existence of those issues of fact only cements that concrete point. Defendants' argument that the record does not support their overreaching in forcing Plaintiff to sign an agreement without giving him any opportunity to review it similarly solidifies Plaintiff's contention.

For the foregoing reasons, and those set forth below, the order of the district court should be reversed.

## ARGUMENT

## POINT I
## APPELLANT'S EXPIRATION ARGUMENT SHOULD BE CONSIDERED

Defendants argue that Plaintiff's expiration should not be considered because it was not raised before the district court below. However, the Second Circuit may exercise its discretion to entertain new arguments "where necessary to avoid a manifest injustice or where the argument presents a question of law and there is no need for additional fact-finding." See Bogle–Assegai v. Connecticut, 470 F.3d 498, 504 (2d Cir. 2006). This rule is prudential, not jurisdictional, and the Second Circuit has discretion to consider arguments, even if waived. See Dean v. Blumenthal, 577 F.3d 60, 67 n.6 (2d Cir. 2009). Here, Appellant did not argue that the agreement expired by its terms because he rested on the argument that he did not enter into the employment agreement in the first place as there was no meeting of the minds.

2

Appellant maintains this position. Notwithstanding the fact that the expiration argument was not raised before the district court below, this Court should exercise its discretion to consider it because there is no need for any fact-finding as the terms of the employment agreement are plain and whether the agreement expired is a pure question of law. Thus, this Court should consider the expiration argument.

## POINT II
## PLAINTIFF'S AGREEMENT EXPIRED AND IS UNENFORCABLE

Defendants argue that its right to renew the agreement in its discretion amounts to a renewal by fiat. However, this is inaccurate for several reasons.

First, the employment agreement cannot be modified unless there exists a signed writing by both parties. (A22 ¶ 23). The Defendants concede that no such writing exists. (A9 ¶ 11). As such, by the agreement's terms, it expired after one year, and ratification by conduct is expressly forbidden according to the agreement.

Second, Defendants' reliance on the renewal provision by itself in a vacuum without regard to the agreement as a whole violates the canons of construction of contracts requiring that every provision of an agreement be given full force and effect. Indeed, the sentence following the provision Defendants rely on – "In the event the Agreement is renewed, …" – elucidates the parties intent that a separate act is required to effect the renewal of a term. (A18 ¶ 7).

3

Third, there is no provision that the forum selection clause survives the termination of the agreement. Indeed, where the Defendants deemed it important, they selected a certain provision to survive termination, but failed to do so concerning the forum selection clause. (A18-A19 ¶ 10). Accordingly, the agreement expired by its terms and the forum selection clause is unenforceable.

## POINT III
## DEFENDANTS' CREDIBILITY ARGUMENTS REQUIRE A HEARING

"The district court abuses its discretion if it applies legal standards incorrectly, relies on clearly erroneous findings of fact, or proceeds on the basis of an erroneous view of the applicable law." See Aurelius Capital Partners, LP v. Republic of Argentina, 584 F.3d 120, 129 (2d Cir. 2009) (citation omitted).

Here, Appellant respectfully submits that the district court relied on clearly erroneous findings of fact by making credibility determinations on the sworn declarations submitted by the parties without conducting an evidentiary hearing. Where there exist factual disputes, an evidentiary hearing is warranted. See CSX Transportation, Inc. v. Island Rail Terminal, Inc., 879 F.3d 462, 474 (2d Cir. 2018); see also Transmar Commodity Grp. Ltd. v. Cooperativa Agraria Indus. Naranjillo Ltda., 721 Fed. Appx. 88, 90 (2d Cir. 2018) ("Because additional fact-finding will be required in order to adduce such evidence, the district court abused its discretion in failing to allow discovery, hold an evidentiary hearing, or both").

4

That Defendants argue that Leydiker's "version of the events" is more credible lends precisely to the Appellant's argument that an evidentiary hearing was warranted.

In any event, the district court declined to hold an evidentiary hearing because it found that the forum selection clause was valid and enforceable (A55-A56), which is invalid for the reasons set forth *supra* and the arguments made in Appellant's brief.

## POINT IV
## THE FORUM SELECTION CLAUSE IS UNENFORCEABLE

In Appellant's declaration, Meerovich describes a meeting with one Alla who worked for Defendants, stating that the meeting took approximately three (3) minutes and was very rushed, as Alla placed documents in front of him and directed him to complete it on the spot, with no opportunity for Meerovich to review. (A48).

While a signed agreement is *prima facie* evidence of an agreement, Appellant's sworn statements concerning the formation of the agreement render it unenforceable based on the circumstances. Indeed, Appellant was given no time whatsoever to review the agreement and had to sign it right away to keep his job.

Courts routinely find agreements signed under such circumstances unenforceable. See, e.g., Magtoles v. United Staffing Registry, Inc., 665 F. Supp. 3d 326, 346 (E.D.N.Y. 2023) (invalidating provision because party had no time to review agreement before signing).

As such, this Court should similarly find that there was no intent by the Appellant to enter into the employment agreement.

## CONCLUSION

For all of the foregoing reasons, the Appellant respectfully requests that this Court reverse the district court's March 27, 2024 decision.

Dated: Jamaica, New York
      November 27, 2024        Respectfully submitted,

**SAGE LEGAL LLC**

*/s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Plaintiff-Appellant
Mikhail Meerovich*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 25(a)(6)

This brief has been scanned for viruses and no virus was detected.

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

This brief complies with the type-volume limitation of App. Rule 32(a)(7)(B).

This brief contains 1,149 words, excluding the parts of the brief exempted by App. Rule 32(a)(7)(B)(iii).

This brief complies with the typeface requirements of App. Rule 32(a)(5) and the type style requirements of App. Rule 32(a)(6).

This brief has been prepared in a proportionally spaced typeface using Word 14 point Times New Roman.

Respectfully submitted,

/s/Emanuel Kataev, Esq.
Attorney

Dated at Jamaica, NY
This 27th day of November 2024

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Second Circuit by using the CM/ECF system. All participants in the case are registered CM/ECF users and will be served by the appellate CM/ECF system.

                                              Respectfully submitted,

                                              <u>/s/Emanuel Kataev, Esq.</u>
                                              Attorney

Dated at Jamaica, NY
This 27th day of November 2024